UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-cv-21580 MORENO/GOODMAN

KARI JONES, et al.,

      Plaintiffs,

v.

PRESS MEDIA GROUP, LLC,
a Florida corporation, and ALBERTO
MARZAN, individually,

      Defendants.

_____/

## REPORT AND RECOMMENDATIONS ON PLAINTIFFS'
## MOTION TO REISSUE INCARCERATION ORDER

**THIS CAUSE** is before the Undersigned on Plaintiffs' Motion to Reissue Incarceration Order. [ECF No. 96]. Plaintiffs' motion is another entry in the long line of motions filed in an effort to compel Mr. Marzan to sit for a deposition and produce certain documents. Senior United States District Judge Federico A. Moreno referred this motion to the Undersigned for a Report and Recommendations. [ECF No. 97].

Although Plaintiffs' Motion requests that the Court *reissue* the incarceration Order against Mr. Marzan, Plaintiffs fail to identify with particularity which specific Order Mr. Marzan violated or the origination of the specific incarceration Order they would like reissued. As outlined below, a review of the reports and recommendations and Orders

relevant to Mr. Marzan's allegedly contemptuous behavior do not support either a basis to reissue an incarceration Order or an independent contempt finding.

I.      **Factual Background**

a.  <u>**Earlier** Reports and Recommendations and Orders</u>

On June 5, 2019, United States Magistrate Judge Lauren F. Louis found clear and convincing evidence that Mr. Marzan was in contempt but that his affirmative actions supported "denying Plaintiffs' request for Mr. Marzan's incarceration." [ECF No. 63]. Judge Moreno adopted this report and recommendation and "deni[ed] the Plaintiffs' request for Mr. Marzan's incarceration in view of the parties' agreement to work together to schedule and take the necessary depositions and ensure the production of documents." [ECF No. 64].

On July 3, 2019, Plaintiffs filed a fourth motion for contempt, arguing that Mr. Marzan did not appear for his deposition and should be taken into custody. [ECF No. 66]. Judge Moreno granted Plaintiffs' motion and stated that "the Defendants must comply with the terms of [ECF No. 64]. Should Defendants fail to comply by August 22, 2019 at noon, the Defendant Alberto Marzan will be taken into custody by the U.S. Marshal until the Defendant purges himself of the contempt orders and satisfies the award to Plaintiffs of $600 in fees, and the previously awarded sum to Plaintiffs of $1,815." [ECF No. 68].

On October 30, 2019, Plaintiffs filed a motion to reissue the incarceration order, which relies on many of the same allegations as the instant motion. [ECF No. 71]. This

motion was referred to Judge Louis [ECF No. 74] and she set a show cause hearing for June 23, 2020 [ECF No. 77]. On June 24, 2020, Judge Louis recommended that the District Court grant Plaintiffs' motion and "enter an order to show cause directing Mr. Marzan to appear before it to show cause as to why he has not purged himself of contempt of court by that date. The order setting the hearing should caution Mr. Marzan that failure to attend the forthcoming show cause hearing or purge himself of contempt by complying with this Court's orders (ECF Nos. 64, 68), will result in his incarceration on that date." [ECF No. 84].

Judge Moreno adopted Judge Louis' report and recommendation and issued "[an] Order to Show Cause and Order Setting Show Cause Hearing . . . on October 13, 2020, at 10:00 AM [for Mr. Marzan] to show cause as to why he has not purged himself of contempt of Court." [ECF No. 85]. Judge Moreno further stated that "[f]ailure to attend the show cause hearing or purge himself of contempt by complying with this Court's orders will result in the Court reissuing the incarceration order on that date." *Id.* In a separately issued Order, Judge Moreno granted Plaintiffs' motion to reissue the incarceration order "to the extent it requests the Court order the Defendant Alberto Marzan to appear or risk an order of incarceration." [ECF No. 86].

After the show cause hearing, which Defendant Alberto Marzan attended via telephone, Judge Moreno ordered that Plaintiffs "shall conduct the deposition of Alberto Marzan on November 17, 2020 at 10:00 AM central time." [ECF No. 90]. Following this

deposition, Plaintiffs filed a notice seeking a continued deposition date based on the same allegations raised in the instant motion. [ECF No. 91]. Judge Moreno treated Plaintiffs' notice as a motion and ordered that "[t]he parties may agree on a date and time upon which to continue the deposition, which shall be conducted by January 29, 2021. It is also adjudged that the show cause hearing tentatively set for December 17, 2020 is CANCELED." [ECF No. 93].

　　　　　　b.　Circumstances Surrounding Plaintiffs' **Current** Motion

The continued deposition never occurred, which caused Plaintiffs to file the instant motion, attaching the transcript of the suspended deposition, and requesting the reissuance of the incarceration Order. [ECF No. 93]. The Undersigned scheduled the motion for an evidentiary hearing requiring Mr. Marzan to personally appear. [ECF No. 98]. The Order scheduling the hearing further explained that Mr. Marzan's failure to appear could "result in [his] arrest and incarceration until he complies with the Court's Orders." *Id.* Plaintiffs' counsel was instructed to email a copy of the Order to Mr. Marzan and to file a notice of compliance on the docket indicating whether Mr. Marzan responded. *Id.*

Plaintiffs' counsel complied and indicated that the Order was emailed to amarzan@afrolife.tv, albertomarzan@gmail.com, amarzan@vumatv.com, amarzan@jupiterrisingfilm.net; and Mr. Marzan's mother's emails, dinorahroldan@hotmail.com, and

dinorahroldan@icloud.com. [ECF No. 99]. Plaintiffs' counsel also sent text messages to Mr. Marzan and his mother. *Id.*

The hearing went forward on May 9, 2022. [ECF No. 104]. Mr. Marzan was not present. At the hearing, Plaintiffs' counsel represented that neither Mr. Marzan nor his mother ever responded to any of the emails or text messages. Plaintiffs' counsel informed the Court that he obtained these email addresses and phone numbers from this litigation, his own research, and from counsel in a separate Minnesota case involving Mr. Marzan.

At the hearing, the Undersigned Ordered that Mr. Marzan would be required to sit for a deposition at Plaintiffs' counsel's law firm. The Undersigned also issued a Post-Hearing Administrative Order, requiring Plaintiffs to submit a list of the documents they wanted Mr. Marzan to produce. [ECF No. 105].

After Plaintiffs filed the required list [ECF Nos. 106-07], the Undersigned then issued an Order scheduling Mr. Marzan's deposition for June 15, 2022, at 10:00AM and requiring Mr. Marzan to produce to Plaintiffs twenty-one categories of documents at least seven days before the deposition. [ECF No. 110]. The Order further provided that Plaintiffs were to serve the Order on Mr. Marzan via personal service and, if personal service was not possible, then via alternate service. *Id.* After service was complete, Plaintiffs were required to file a notice providing the service status and, if alternative service was used, explaining why it was effective. *Id.*

Plaintiffs' notice explained that the Order was served on a woman in her 40s at Mr. Marzan's last known address, who "stated that she would be willing to accept service for Marzan, and that she would get him a copy of the Order." [ECF No. 111].

After the deposition date passed, the Undersigned issued a paperless Order requiring Plaintiffs to submit a notice indicating whether Mr. Marzan attended the scheduled deposition and provided the required documents. [ECF No. 112]. The Order further provided that "[i]f Mr. Marzan did not attend the deposition, then Plaintiffs shall have until July 6, 2022 to file an amended motion to reissue the incarceration Order, including the latest act of non-compliance and if they would like this most-recent event to be included in the Court's assessment of their request." *Id.*

Plaintiffs' notice stated that Mr. Marzan did not appear for the deposition as required. [ECF No. 113]. Plaintiffs further explained that at 10:28 PM the night before the scheduled deposition, a Minnesota attorney, Aaron Young, emailed Plaintiffs' counsel, stating "My client, Alberto Marzan, just brought the matter set forth in the subject line above to my attention this evening. Mr. Marzan is unable to attend the deposition scheduled for tomorrow, 06/15/2022, and asked that I provide you notice, which this email now does." *Id.* Plaintiffs attempted to contact Mr. Young to discuss the issue, but he responded that he was no longer representing Mr. Marzan. *Id.*

Plaintiffs did not file an amended motion targeting and discussing Mr. Marzan's failure to appear for the May 9, 2022 show cause hearing or the July 6, 2022 deposition as grounds for the issuance of an incarceration order.

## II.    Legal Standard

"In a civil contempt proceeding, the petitioning party bears the burden of establishing by 'clear and convincing' proof that the underlying order was violated." *PlayNation Play Sys., Inc. v. Velex Corp.*, 939 F.3d 1205, 1212 (11th Cir. 2019) (citing *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990)). The movant must show: "(1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Brother v. BFP Invs., Ltd.*, No. 03-60129-CIV-MARRA, 2010 WL 2978077, at *2 (S.D. Fla. June 1, 2010), report and recommendation adopted, No. 03-60129-CIV-MARRA, 2010 WL 2978080 (S.D. Fla. July 26, 2010) (citing *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000)).

Generally speaking, "[a]bsent full consent of all parties pursuant to 28 U.S.C[.] § 636(c), '[m]agistrate judges must refer contempt proceedings stemming from out-of-court action/inaction to district court judges.'" *Parenteau v. Prescott Unified Sch. Dist.*, No. CV-07-8072, 2010 WL 729101, at *3 (D. Ariz. Mar. 2, 2010) (quoting *Wilhelm v. Yott*, No. CIV S-08-210, 2009 WL 2244178, * 3 (E.D. Cal. 2009) ); *see also Brother*, 2010 WL 2978077, at *1. ("Under 28 U.S.C. § 636(e) . . . a magistrate judge may not exercise the contempt power

of the district court. Instead, when the act complained of constitutes a civil contempt or a criminal contempt occurring outside his or her presence, the magistrate judge must certify the relevant facts to the district judge and serve the alleged contemnor with an order to show cause before the district judge why he or she should not be held in contempt on the basis of the certified facts.").

The certification of facts under section 636(e) serves to determine whether the moving party has adduced sufficient evidence to establish a prime facie case of contempt. *Solana v. All Am. Waste & Recycling, LLC*, No. 17-20573-CIV, 2017 WL 7726727, at *2 (S.D. Fla. Dec. 12, 2017).

### III.   Analysis

According to Plaintiffs, Mr. Marzan's failure to produce at his deposition all required documents and his evasive answering of questions at the deposition support the reissuance of the incarceration Order. [ECF No. 96]. At bottom, Plaintiffs are asking that Mr. Marzan be held in contempt and incarcerated until he sits for a deposition and produces all requested documents. However, Plaintiffs have not identified the specific incarceration Order that they would like reissued. Nor have they identified the specific Order which Mr. Marzan's deposition conduct supposedly violated.

As explained above, in the first report and recommendation on this issue, Judge Louis' recommended denying (albeit, based on promises by Mr. Marzan that were never fulfilled) Plaintiffs' request that Mr. Marzan be incarcerated. [ECF No. 63]. Judge Moreno

adopted this report and recommendation. [ECF No. 64]. Thus, no incarceration Order was issued by these rulings.

The next Order from the Court ruled that Mr. Marzan would be incarcerated unless he purged himself of the contempt orders and paid Plaintiffs their fees and the previously awarded sums. [ECF No. 68]. This language did not create a clear directive that Mr. Marzan must sit for a deposition, provide all documents, and fully answer all questions.

After Plaintiffs filed their earlier motion to reissue an incarceration Order [ECF No. 71], Judge Louis recommended that the District Court grant the motion and Order Mr. Marzan to appear and show cause. [ECF No. 84]. After adopting Judge Louis' report and recommendation, Judge Moreno granted Plaintiffs' motion "to the extent it request[ed] the Court order the Defendant Alberto Marzan to appear or risk an order of incarceration. [ECF No. 86]. As with the other Orders, the risk of incarceration was not explicitly associated with Mr. Marzan's deposition attendance.

Although the Court issued additional Orders requiring Mr. Marzan to sit for a deposition on a date certain or by a date certain, these Orders never required Mr. Marzan to satisfy any specific deposition expectations.

These reports and recommendations and Orders reveal two things: (1) there is no incarceration Order to be reissued based on Mr. Marzan's deposition conduct; and (2) Plaintiffs have failed to meet their burden to establish clear and convincing evidence of

all three elements necessary for an independent contempt finding based on Mr. Marzan's deposition conduct.

Specifically, even if the Undersigned were to treat Plaintiffs' motion as a motion to hold Mr. Marzan in contempt, Plaintiffs have not identified a clear and unambiguous order which Mr. Marzan's complained-of conduct violates. Certainly, it is obvious to the Undersigned that Mr. Marzan was not operating in good faith when he attended the deposition. But, to find somebody in contempt and incarcerate them requires a violation of a clear and unambiguous Order and Plaintiffs have not met their burden on this issue in either their pleadings or during the evidentiary hearing.

Therefore, the Undersigned does not certify that Plaintiffs' facts and evidence are sufficient to warrant holding Mr. Marzan in contempt.

Although the Undersigned is recommending that the District Court deny Plaintiffs' request on *these* grounds, Plaintiffs should be permitted to file a supplemental motion for contempt concerning Mr. Marzan's failure to appear at the June 15, 2022 deposition. If Plaintiffs elect to file a supplemental motion, then they should include affidavits and exhibits (for example, the actual email from Mr. Young) demonstrating Mr. Marzan's knowledge of the deposition and his non-attendance, and should also address the consequences, if any, of Mr. Young's email, which was received the night before the Court-ordered deposition and does not disclose whether Mr. Young is a licensed Florida attorney or a member of this Court.

## IV.    Conclusion

Accordingly, the Undersigned **respectfully recommends** that the District Court **deny** Plaintiffs' motion to reissue the incarceration order without prejudice for Plaintiffs to file a supplemental, more-specific, more-detailed motion for contempt.

## V.    Objections

The parties will have 14 days from the date of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on August 2, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>**Copies furnished to**</u>:
The Honorable Federico A. Moreno
All Counsel of Record

11